EXHIBIT B

22SL-CC03775

Electronically Filed - St Louis County - August 24, 2022 - 11:20 AM

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## TWENTY-FIRST JUDICIAL CIRCUIT
## STATE OF MISSOURI

| | |
|---|---|
| **STEVE BLUMFELDER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. |
| vs. ) | |
| ) | Division: |
| **CHUBB INSURANCE SOLUTIONS** ) | |
| **AGENCY, INC.** ) | |
| ) | |
| Serve at Registered Agent: ) | |
| ) | |
| CT Corporation System ) | |
| 120 S Central Ave. ) | |
| Clayton, MO 63105 ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant.** ) | |

## PETITION

COMES NOW Plaintiff, Steve Blumfelder, by and through counsel, and for his claim against Defendant Chubb Insurance Solutions Agency, Inc., hereby states and alleges as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff is, and was at all times relevant herein, a resident of St. Louis County, State of Missouri, and an individual over the age of 21 years.

2. Defendant Chubb Insurance Solutions Agency, Inc. ("Chubb Insurance") is, and was at all times relevant herein, a corporation licensed to do business in Missouri.

3. Venue and jurisdiction are proper under RSMo §508.010, in that the discrimination at issue occurred in St. Louis County.

4. Plaintiff Steve Blumfelder began working for Chubb Insurance on May 5, 2003, back when it was initially Fireman's Fund as an auto damage appraiser.

5. On July 5, 2018, Plaintiff Blumfelder lost consciousness while at work and was rushed to the ER, yet was physically able to come back to work the following week. Although

Electronically Filed - St Louis County - August 24, 2022 - 11:20 AM

Blumfelder's first doctor's appointment didn't find anything wrong, he started having chest pains 3-5 weeks later. Plaintiff was brought to the ER again same hospital.

6. On or around October of 2018, after being referred to a cardiologist John Nash at Mercy Hospital by his regular doctor Dr. William Beaman, it was discovered that Plaintiff Blumfelder had several blocked arteries. Blumfelder had to undergo several surgeries.

7. After the first surgery, Plaintiff Blumfelder had a non-union of the sternum, which caused adhesive capsulitis to both shoulders. This required several months of therapy. During the time Blumfelder was seeking treatment, he was placed on short term FMLA and paid-time off.

8. Doctor's notes were provided to Chubb Insurance, requesting that Plaintiff Blumfelder seek therapy and treatment.

9. On or around May 29, 2019, Plaintiff Blumfelder gets a phone call from HR Rod Garbo, along with his boss Gary Ponce, asking what was going on with him. Blumfelder responded by referring them his doctor's notes, and indicating that his doctor says he wasn't cleared for going back to work (part-time from home), because his sternum hadn't fully healed. HR said that he was terminated, and shipped him all of his stuff from his desk.

10. However, on June 7, 2019, Mary Frederick from HR contacted Plaintiff Blumfelder via email saying that they made a clerical and administrative error and wasn't terminated. Ever since then, he had been placed in extended leave until October 21, 2019.

11. On October 19, 2019, Plaintiff Blumfelder emailed Mary Frederick that he wasn't cleared for work, because he to have a sternum surgery on the same day (October 21, 2019).

12. On January 2, 2020, received a letter from Tyisha Carter indicating that he needed to contact her, to which he updated her saying that he had a doctor's appointment on January 24 and February 2 of 2020.

Electronically Filed - St Louis County - August 24, 2022 - 11:20 AM

13. May 14, 2020, the company requested that Plaintiff Blumfelder complete the company's Medical Accommodation Request Form (MARF). Blumfelder made an appointment with his doctor for June 26 and July 24 of 2020.

14. On September 20, 2020, Plaintiff Blumfelder's doctor provided the accommodation form to Chubb Insurance, updating the company on Blumfelder's progressing health and therapy, and requesting that Blumfelder work part-time from home.

15. On June 8, 2021, Plaintiff Blumfelder had another cardiac incident, which required addition medication in order to dilate his blood vessels and decrease pains in his chest. An updated MARF was required from Blumfelder.

16. On August 18, 2021, Chubb Insurance called to see if he was available to work for the company full-time, to which Plaintiff Blumfelder, to which he informed him of his most recent medical condition and that he had submitted an updated version of his MARF.

17. On October 27, 2021, Chubb Insurance HR called Plaintiff Blumfelder to inform him that his requested accommodation was not approved for his job, and that Blumfelder was not even eligible for any similar entry-level position. They told him that they would give him a call regarding the final steps of his employment.

18. On December 8, 2021, Plaintiff Blumfelder received a termination email, explaining that they could not grant him severance benefits.

19. On or around February 7, 2022, Plaintiff Blumfelder filed a Charge of Discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC), where Plaintiff alleged that he was discriminated on the basis of his medical condition/disability, as well as his age.

Electronically Filed - St Louis County - August 24, 2022 - 11:20 AM

20. On or around August 22, 2022, Plaintiff obtained the right to sue from MCHR. See Exhibit A.

21. On or around August 23, 2022, Plaintiff also obtained the right to sue from the EEOC. See Exhibit B.

## COUNT I: EMPLOYMENT DISCRIMINATION UNDER MHRA

COMES NOW Plaintiff Steve Blumfelder, and for her claim of employment discrimination, states as follows:

22. Plaintiff adopts and reincorporates all of the above paragraphs here again.

23. The Missouri Human Rights Act prohibits discrimination in housing, employment, and places of public accommodations based on race, color, religion, national origin, ancestry, sex, disability, age (in employment only), and familial status (in housing only).

24. An employee or applicant with a disability is an individual who:

   a. has a physical or mental impairment that substantially limits a major life activity;

   b. is regarded as having such an impairment; or

   c. has a record of having such an impairment and, with or without reasonable accommodation, can perform the essential functions of the job in question, utilize the place of public accommodations or occupy the dwelling in question.

25. An employer is required to make a reasonable accommodation to the known disability of an applicant or employee if it would not impose an undue hardship on the operation of the employer's business.

26. A "reasonable accommodation" may include:

      a. making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and

      b. job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

27. Undue hardship is one that imposes significant difficulty or expense when considered in light of factors such as the employer's size, financial resources, and the nature and structure of its operation.

28. Plaintiff has complied with all procedural regulations required to proceed with her lawsuit for violation of the Missouri Human Rights Act (MHRA) due to the following:

      a. Plaintiff Blumfelder was a member of the class of persons with disabilities protected by the MHRA;

      b. Plaintiff is also protected under the MHRA, because he is between the age of 40 to 69 years old;

      c. Plaintiff was discriminated against because of his disability and his request for accommodations at the workplace;

      d. Chubb Insurance disregarded his cardiac health and failed to reasonably accommodate him. Other employees had already been working from home and had indicated to Blumfelder that they had not shown up to the Chubb's physical location in years since the Covid-19 pandemic.

Electronically Filed - St Louis County - August 24, 2022 - 11:20 AM

    e. Defendant Chubb Insurance was not under any undue hardship that would have made it unable to provide Plaintiff Blumfelder her request for accommodations at the workplace.

    f. Chubb's website has listed numerous remote/socially-distanced (part-time) positions open for hiring, even within Blumfelder's geographical location. However, Chubb Insurance held out to Blumfelder that he was not eligible for these positions, because of his years of employment with the company and that these were all considered "entry-level" positions.

    g. The company's best interest appeared to be eliminating experienced veteran employees, like Mr. Blumfelder, who have served with the company and its predecessors, in efforts of acquiring much younger work talent.

    h. Plaintiff's age did not affect his work performance in a negative way, nor was Plaintiff aware of any performance reviews that indicated such;

WHEREFORE Plaintiff Requests that the Court enter judgment in his favor, for attorneys' fees, punitive damages and post judgement interest, and for any other relief as may be just and proper.

## COUNT II: EMPLOYMENT DISCRIMINATION UNDER ADA

COMES NOW Plaintiff Steve Blumfelder, and for her claim of employment discrimination, states as follows:

29. Plaintiff adopts and reincorporates all of the above paragraphs here again.

30. The Americans with Disabilities Act (ADA) prohibits employers from discriminating against a qualified individual on the basis of disability in regard to job application

Electronically Filed - St Louis County - August 24, 2022 - 11:20 AM

procedures, the hiring, advancement, or discharge of employees, employee compensation, job training and other terms, conditions, and privileges of employment.

31. Under the ADA, the term "disability" means, with respect to an individual:

   a. a physical or mental impairment that substantially limits one or more major life activities of such individual;

   b. a record of such an impairment; or

   c. being regarded as having such an impairment.

32. Furthermore, the ADA imposes an additional requirement that employers must reasonably accommodate disabilities in the workplace. A failure to do so may result in a violation of the ADA, even where there is no other adverse action taken against an employee.

33. A "reasonable accommodation" may include:

   a. making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and

   b. job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

34. Plaintiff has complied with all procedural regulations required to proceed with her lawsuit for violation of the ADA due to the following:

   a. Plaintiff Blumfelder was a member of the class of persons with disabilities protected by the ADA;

> b. Plaintiff was discriminated against because of his disability and his request for accommodations at the workplace;
>
> c. Chubb Insurance disregarded his cardiac health and failed to reasonably accommodate him. Other employees had already been working from home and had indicated to Blumfelder that they had not shown up to the Chubb's physical location in years since the Covid-19 pandemic.
>
> d. Defendant Chubb Insurance was not under any undue hardship that would have made it unable to provide Plaintiff Blumfelder her request for accommodations at the workplace.
>
> e. Chubb Insurance disregarded his cardiac health and failed to reasonably accommodate him. Other employees had already been working from home and had indicated to Blumfelder that they had not shown up to the Chubb's physical location in years since the Covid-19 pandemic.
>
> f. Chubb's website has listed numerous remote/socially-distanced (part-time) positions open for hiring, even within Blumfelder's geographical location.

WHEREFORE Plaintiff Requests that the Court enter judgment in her favor, for attorneys' fees, punitive damages and post judgement interest, and for any other relief as may be just and proper.

## **COUNT III: EMPLOYMENT DISCRIMINATION UNDER ADEA**

COMES NOW Plaintiff Steve Blumfelder, and for his claim of employment discrimination, states as follows:

35. Plaintiff adopts and reincorporates all of the above paragraphs here again.

Electronically Filed - St Louis County - August 24, 2022 - 11:20 AM

36. The Age Discrimination in Employment Act of 1967 (ADEA) makes it unlawful to discriminate against any individual age 40 or older because of his/her age with respect to any term, condition, or privilege of employment, including but not limited to, recruitment, hiring, firing, promotion, layoff, compensation, benefits, job assignments, and training

37. Plaintiff has complied with all procedural regulations required to proceed with his lawsuit for violation of the ADEA due to the following:

   a. Plaintiff worked for Defendant for nearly 20 years

   b. Plaintiff Blumfelder was a member of the class of persons protected by the ADEA;

   c. Plaintiff was discriminated against because of his age;

   d. Chubb Insurance disregarded his cardiac health and failed to reasonably accommodate him by allowing him to work from home. Other employees had already been working from home and had indicated to Blumfelder that they had not shown up to the Chubb's physical location in years since the Covid-19 pandemic.

   e. Chubb's website has listed numerous remote/socially-distanced (part-time) positions open for hiring, even within Blumfelder's geographical location. However, Chubb Insurance held out to Blumfelder that he was not eligible for these positions, because of his years of employment with the company and that these were all considered "entry-level" positions.

   f. The company's best interest appeared to be eliminating experienced veteran employees, like Mr. Blumfelder, who have served with the company and its predecessors, in efforts of acquiring much younger work talent.

    g.  Plaintiff's age did not affect his work performance in a negative way, nor was Plaintiff aware of any performance reviews that indicated such;

WHEREFORE Plaintiff Requests that the Court enter judgment in his favor, for attorneys' fees, punitive damages and post judgement interest, and for any other relief as may be just and proper.

    Respectfully submitted,

    **OTT LAW FIRM**

    */s/ Joseph Ott*
    _____
    Joseph A. Ott, #67889
    Mark E. Blankenship Jr., #73123
    3544 Oxford Blvd.
    Maplewood, MO 63143
    Telephone:  (314) 293-3756
    Facsimile:   (314) 689-0080
    *Attorneys for Plaintiff*