# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **STEVE BLUMFELDER,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 4:22-cv-00999** |
| **CHUBB INSURANCE SOLUTIONS AGENCY, INC.,** | |
| **Defendant.** | |

## <u>DECLARATION OF DENISE R. CARSON</u>

I, Denise R. Carson, declare and state as follows:

1. I am over the age of 21, am of sound mind, have personal knowledge of the matters set forth in this declaration, all of which are true, and if called as a witness, could and would competently testify thereto, and believe in and understand the obligations of an oath and penalties of perjury.

2. I am employed as the Vice President of Employee Relations for ACE American Insurance Company ("ACE"), one of the Chubb Group of insurance companies. I have been employed by ACE since July 2, 1999, in various capacities. I have served in my current role since January 14, 2016, when the ultimate parent of ACE acquired Chubb Corporation. In my current role, I manage the Chubb Employment Dispute Resolution Program which includes the Employment Dispute Arbitration Policy (the "Arbitration Agreement") and the processes by which employees agree to it.

3. ACE's employees work out of approximately 106 offices in the United States, including Missouri. These employees collaborate across state lines to provide insurance policies and related services to clients that engage in interstate commerce.

4.      ACE maintains and enforces arbitration agreements with its employees, including Auto Claims Appraisers, and has done so since 1999. As of approximately 2002, new ACE employees have received the Arbitration Agreement with their employment offers. *See, e.g.,* Plaintiff Steve Blumfelder's February 13, 2015 offer letter, attached hereto as **Exhibit 1.**  All employees have been able to access the Arbitration Agreement on Chubb's intranet at any time. A true and correct copy of the Arbitration Agreement signed by Plaintiff Steve Blumfelder on March 6, 2015, is attached hereto as **Exhibit 2**.

5.      The Arbitration Agreement contains a specific statement that defines the scope of claims and potential claims that must be submitted to arbitration:

> This policy covers all employment-related disagreements and problems that concern a right, privilege or interest recognized by applicable law.  Such disputes include claims, demands, disputes, controversies or actions under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Equal Pay Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act of 1974, the Fair Labor Standards Act, the Rehabilitation Act of 1973, the Americans with Disabilities Act, the Family Medical Leave Act, and any other federal, state or local statute, regulation, ordinance or common law doctrine, regarding unfair competition, employment discrimination, retaliation, whistleblowing, wage and hour matters, conditions of employment or termination of employment.

**Ex. 2**, p. 1.

6.      The Arbitration Agreement further provides that "all such claims must be brought individually, and on behalf [of] the employee, former employee or applicant only." *Id.* at 2.

7.      The Arbitration Agreement also requires ACE to arbitrate its claims against an employee and it "prevents both ACE and the employee from going to court over employment-related disputes." *Id*. at 1.

8.      The Arbitration Agreement provides that it is the exclusive remedy for resolution of all employment-related claims, and states, "it is the policy of the ACE Companies ("ACE") that

arbitration by a neutral third party is the required and final means for the resolution of any employment-related legal claim not resolved by the internal dispute resolution processes." *Id.*

9.      The Arbitration Agreement also includes a link to arbitration rules and procedures (the "2015 ACE Rules"), a true and correct copy of those in existence when Plaintiff signed the Employment Dispute Arbitration Policy is attached hereto as **Exhibit 3**. The most current true and correct copy of ACE Rules (the "2022 ACE Rules") is also attached hereto as **Exhibit 4**.

10.      Section 28 of both iterations of ACE Rules sets forth how the arbitration process may be amended or terminated and provides that "[t]he arbitration process may be changed in writing by ACE. No change will affect a party who has already started the arbitration process at the time the change is made." **Exs. 3 and 4**, p. 8.

11.      Section 8 of both sets of the ACE Rules concerns the power of the arbitrator and provides that:

> Arbitration under these Rules and Procedures will be governed by the Federal Arbitration Act. The arbitrator will have all the powers a judge would have in dealing with any question or dispute that may arise before, during and after the arbitration hearing. The arbitrator's power is limited to rights, which would be protected in court … [and] [w]here these Rules do not address an issue, the Arbitrator should refer to the National Rules for the Resolution of Employment Disputes of the American Arbitration Association.

**Ex. 3**, pp. 3-4; **Ex. 4**, p. 4.

12.      The last page of the Arbitration Agreement, titled as such, contains the following language, followed by a signature line for the employee:

> I agree that, in the event I have any employment related legal claims, I will submit them to final and binding neutral third-party arbitration, in accordance with the ACE Employment Dispute Arbitration Policy recited above, which is made a part of this agreement. I understand that this agreement means that I cannot bring any employment related claim in court and that I waive my right to a jury trial for such claims.

**Ex. 2**, p. 3.

13.     Plaintiff Steve Blumfelder received an offer of employment from ACE in February of 2015. His offer of employment, as described *infra* at ¶ 4, contained a link to the Arbitration Agreement described herein and attached as exhibit 2, and a way to contact someone to ask questions or raise concerns. **Ex. 1**, pp. 1-2. Plaintiff accepted his employment offer and signed the Arbitration Agreement on March 6, 2015, immediately before commencing his employment with ACE on April 1, 2015.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.


Dated:          September __, 2022


_Denise Carson_
ACA64DC677FF438...
_____
Denise R. Carson

**DocuSign**

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: 02F33423750941EB8B843F0FE74E71B7 | | Status: Completed |
| Subject: Complete with DocuSign: Exhibit A - Carson Declaration-final.docx | | |
| Source Envelope: | | |
| Document Pages: 4 | Signatures: 1 | Envelope Originator: |
| Certificate Pages: 5 | Initials: 0 | Atiya Neely |
| AutoNav: Enabled | | Chubb INA Holdings Inc. |
| EnvelopeId Stamping: Enabled | | 436 Walnut Street |
| Time Zone: (UTC-05:00) Eastern Time (US & Canada) | | Philadelphia, PA  19106 |
| | | atiya.neely@chubb.com |
| | | IP Address: 164.44.0.60 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original | Holder: Atiya Neely | Location: DocuSign |
| 9/29/2022 11:37:02 AM | atiya.neely@chubb.com | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Denise Carson | *DocuSigned by:* Denise Carson ACA84DC677FF438... | Sent: 9/29/2022 11:41:26 AM |
| Denise.Carson@Chubb.com | | Viewed: 9/29/2022 11:44:01 AM |
| VP, Employee Relations | | Signed: 9/29/2022 11:44:40 AM |
| Chubb Global IT | | |
| Security Level: Email, Account Authentication (None) | Signature Adoption: Pre-selected Style Using IP Address: 208.47.202.254 | |
| **Electronic Record and Signature Disclosure:** Accepted: 4/7/2021 12:17:47 PM ID: 84f5ab81-9c5a-4811-b3fa-1e8579ddd550 | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Katherine Hartman | COPIED | Sent: 9/29/2022 11:41:26 AM |
| katharine.hartman@chubb.com | | Viewed: 9/29/2022 11:46:59 AM |
| Counsel | | |
| Security Level: Email, Account Authentication (None) | | |
| **Electronic Record and Signature Disclosure:** Accepted: 9/16/2022 3:44:55 PM ID: f4ee5705-94f4-48ea-88c7-46acb5ed6a38 | | |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 9/29/2022 11:41:26 AM |
| Certified Delivered | Security Checked | 9/29/2022 11:44:01 AM |
| Signing Complete | Security Checked | 9/29/2022 11:44:40 AM |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Completed | Security Checked | 9/29/2022 11:44:40 AM |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

**Electronic Record and Signature Disclosure**

Case: 4:22-CV-00999-RLW   Doc. #: 13-1   Filed: 09/30/22   Page: 7 of 31 PageID #: 116

## CONSUMER DISCLOSURE

From time to time, ACE INA Holdings Inc. (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through your DocuSign, Inc. (DocuSign) Express user account. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to these terms and conditions, please confirm your agreement by clicking the 'I agree' button at the bottom of this document.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. For such copies, as long as you are an authorized user of the DocuSign system you will have the ability to download and print any documents we send to you through your DocuSign user account for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. To indicate to us that you are changing your mind, you must withdraw your consent using the DocuSign 'Withdraw Consent' form on the signing page of your DocuSign account. This will indicate to us that you have withdrawn your consent to receive required notices and disclosures electronically from us and you will no longer be able to use your DocuSign Express user account to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through your DocuSign user account all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact ACE INA Holdings Inc.:**
You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
 To contact us by email send messages to: kevin.rampe@acegroup.com

**To advise ACE INA Holdings Inc. of your new e-mail address**
To let us know of a change in your e-mail address where we should send notices and disclosures electronically to you, you must send an email message to us at kevin.rampe@acegroup.com and in the body of such request you must state: your previous e-mail address, your new e-mail address.  We do not require any other information from you to change your email address..
In addition, you must notify DocuSign, Inc to arrange for your new email address to be reflected in your DocuSign account by following the process for changing e-mail in DocuSign.
**To request paper copies from ACE INA Holdings Inc.**
To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an e-mail to kevin.rampe@acegroup.com and in the body of such request you must state your e-mail address, full name, US Postal address, and telephone number. We will bill you for any fees at that time, if any.
**To withdraw your consent with ACE INA Holdings Inc.**
To inform us that you no longer want to receive future notices and disclosures in electronic format you may:

> i. decline to sign a document from within your DocuSign account, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;
> ii. send us an e-mail to kevin.rampe@acegroup.com and in the body of such request you must state your e-mail, full name, IS Postal Address, telephone number, and account number. We do not need any other information from you to withdraw consent..  The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

| Operating Systems: | Windows2000? or WindowsXP? |
|---|---|
| Browsers (for SENDERS): | Internet Explorer 6.0? or above |
| Browsers (for SIGNERS): | Internet Explorer 6.0?, Mozilla FireFox 1.0, NetScape 7.2 (or above) |
| Email: | Access to a valid email account |
| Screen Resolution: | 800 x 600 minimum |
| Enabled Security Settings: | •Allow per session cookies<br><br>•Users accessing the internet behind a Proxy Server must enable HTTP 1.1 settings via proxy connection |

** These minimum requirements are subject to change. If these requirements change, we will provide you with an email message at the email address we have on file for you at that time providing you with the revised hardware and software requirements, at which time you will have the right to withdraw your consent.

**Acknowledging your access and consent to receive materials electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please verify that you were able to read this electronic disclosure and that you also were able to print on paper or electronically save this page for your future reference and access or that you were able to e-mail this disclosure and consent to an address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format on the terms and conditions described above, please let us know by clicking the 'I agree' button below.

By checking the 'I Agree' box, I confirm that:

- I can access and read this Electronic CONSENT TO ELECTRONIC RECEIPT OF ELECTRONIC CONSUMER DISCLOSURES document; and

- I can print on paper the disclosure or save or send the disclosure to a place where I can print it, for future reference and access; and

- Until or unless I notify ACE INA Holdings Inc. as described above, I consent to receive from exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to me by  ACE INA Holdings Inc. during the course of my relationship with you.

Case: 4:22-cv-00999-RLW   Doc. #:  13-1   Filed: 09/30/22   Page: 10 of 31 PageID #: 119

# EXHIBIT 1

February 13, 2015

Steven Blumfelder
2395 Charbonier Rd
Florissant, Missouri 63031

Dear Steven,

We are pleased to offer you employment with ACE. We look forward to your joining our company in the ACE Private Risk Services organization in your current location in O'Fallon, Missouri. Your start date with ACE will be the day following the close of the sale transaction between Allianz and ACE, which is expected to occur in early April, 2015. This offer is contingent on the close of that transaction.

Your gross base salary will be paid bi-weekly at an annual rate of $47,326.00.

You will be eligible to participate in the ACE Bonus Program, reflective of the prior calendar year's performance. Your annual bonus target will be 7.5% of base salary. Annual bonus payouts can range from an amount lower than or higher than your target, and are typically paid in March of each year. Annual bonus payouts will depend on company, unit and individual performance as assessed by ACE senior management. For calendar year 2015 (payable in March, 2016), your bonus payout will be prorated to reflect your partial year of service with ACE.

Upon employment with ACE, you will retain your current position title. However, because the titling structure in our organization differs from yours, we will be reviewing titles during 2015, and we may adjust your title if necessary to reflect the titles ACE uses for positions with similar responsibilities.

You will be eligible to participate in the ACE Private Risk Services Benefits Program. This comprehensive program allows you to personalize your benefits to meet your needs. Please refer to the ACE Benefits at a Glance document that will be sent to you during your Onboarding to read more about ACE's Health, Welfare and Retirement Benefits.

**At the end of this letter is a field that requires you to electronically sign and either accept or reject this offer. Please make this indication on or before February 18, 2015.** If you accept, you will receive an email from ACE Onboarding during the week of February 16th which will direct you to the ACE Career Site to complete the onboarding process. This website features important data about starting your career at ACE, as well as easy access to information and forms you will need to complete. You will use the same login and password you used when you completed your Employee Profile.

ACE provides many helpful programs and services for employees. For example, the ACE Employment Dispute Resolution Program provides a quick, fair process for resolving workplace disputes. While we expect that most questions and issues regarding your employment will be resolved between you and your manager, the final step of the program includes mandatory and binding arbitration with a neutral third party arbitrator. Details of this

Case: 4:22-cv-00999-RLW   Doc. #:  13-1   Filed: 09/30/22   Page: 11 of 31 PageID #: 120

program can be reviewed by clicking on this link. Before your first day at ACE, you will need to print, sign, scan and return the Arbitration Agreement Policy Document and Receipt provided in the Link to AskAceHR@acegroup.com.

Please note that ACE continually reviews its employee compensation and benefit programs, and changes to those programs may be made by ACE at any time. Regarding any bonus payments at ACE, you must be an employee of ACE on the date of payment in order to receive the bonus. You should understand that employment at ACE is not guaranteed for any fixed period of time. Just as you can end your employment at any time, ACE can end your employment at any time.

Our offer of employment is contingent upon satisfactory findings from ACE's background check process and drug screening. This process will begin with an email request to you from ACE's independent third party background investigation vendor, Business Information Group (BIG). This email will be sent from a mailbox entitled "Application Station" and will direct you to register on their website to start the background process. You also will receive an additional email from the vendor with instructions for the drug screening. Your drug screening must be completed within five business days of receipt of that email. Failure to appear for testing within five business days may result in rescinding our offer of employment.

Your employment also is conditioned on your being legally authorized to work in the United States.

If you have any questions, please feel free to call one of the HR Professionals listed below. We are available 7 days a week to answer your questions.

Charles J Silla - 215.837.8381
Kyndra B. Nagy - 215.900.4391

We are looking forward to your joining ACE!

Sincerely,

David J Wisniewski
Executive Vice President, Human Resources, North America

**EXHIBIT 2**



# Employment Dispute Arbitration Policy

**Policy Statement**

ACE believes it is important to provide employees with an opportunity to resolve employment-related disagreements and problems fairly and quickly. Therefore, it is the policy of the ACE Companies ("ACE") that arbitration by a neutral third party is the required and final means for the resolution of any employment-related legal claim not resolved by the internal dispute resolution processes.

Both ACE [1] and the employee [2] will be bound by any decision made by a neutral arbitrator. If the employee or ACE does not abide by the arbitrator's decision, either party may go to court to enforce the arbitrator's decision, but arbitration must be used before going to court. This policy is a contract between ACE and the employee that prevents both ACE and the employee from going to court over employment-related disputes. However, this policy does not prevent, prohibit or discourage an employee from filing a charge with, or participating in an investigation by, the National Labor Relations Board (NLRB); the Equal Employment Opportunity Commission (EEOC); or any other state or federal administrative agency.

As a part of the arbitration process, an employee may request that the dispute be submitted to voluntary mediation before it is submitted to arbitration. If ACE agrees that mediation might resolve the dispute, mediation will be conducted under the ACE Employment Dispute Arbitration Rules and Procedures, which are part of this policy and may be obtained by you upon request to Human Resources.

**What does this Policy Cover?**

This policy covers all employment-related disagreements and problems that concern a right, privilege or interest recognized by applicable law. Such disputes include claims, demands disputes, controversies or actions under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Equal Pay Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act of 1974, the Fair Labor Standards Act, the Rehabilitation Act of 1973, the Americans with Disabilities Act, the Family and Medical Leave Act, and any other federal, state or local statute, regulation, ordinance or common law doctrine, regarding unfair competition, employment discrimination, retaliation, whistleblowing, wage and hour matters, conditions of employment or termination of employment. Disputes that may not be subject to predispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) are excluded from the coverage of this Agreement.[3] This policy is intended to substitute final and binding arbitration for court action. This policy applies to claims that arose prior to the adoption of this policy, pending at the time this policy is distributed, and future claims. The policy will apply to any successors or assigns of ACE. Further, no class-wide arbitrations are allowed under the ACE Employment Dispute Arbitration Policy or the Rules and Procedures. The arbitrator has no jurisdiction to certify any group of current or former employees, or applicants for employment, as a class in any arbitration proceeding. Nor does the Arbitrator have any jurisdiction or authority to consolidate claims or damages of current or former employees or applicants pursuant to any private attorney

general theory of liability. Instead, all such claims must be brought individually, and on behalf the employee, former employee or applicant only.

If ACE has a legal claim against an employee, ACE must utilize the Employment Dispute Arbitration Rules and Procedures that are a part of this policy, rather than go to court. This policy is a term and condition of the employment relationship between employees and ACE. It is not, however, a guarantee that employment will continue for any specified period of time or end only under certain conditions.

Nothing contained in this policy limits in any way an employee's right to resign from employment with ACE at any time for any reason, or ACE's right to terminate employment at any time for any reason. The employment relationship between ACE and its employee remains "at-will."

This policy cannot be changed except in writing by the Vice President, ACE Employee Relations. No change to the policy will affect a pending claim unless the employee agrees to the change in writing with the employee's signature.

For more information on how this process works, see the ACE Arbitration Rules and Procedures . The Rules and Procedures are based on and generally follow the American Arbitration Association (AAA) Employment Arbitration Rules and Mediation Procedures.

[1] As used herein, "ACE" means ACE US Holdings, Inc., its subsidiaries and affiliates, and ACE INA Holdings, Inc., its subsidiaries and affiliates, ACE Insurance Company, ACE Financial Services Inc. and its subsidiaries, and ACE US Holdings Inc and its subsidiaries.

[2] Throughout this Policy "employee" includes current and former employees of ACE and applicants for employment.

[3] The policy also specifically covers state statutory whistleblower claims such as the New Jersey Conscientious Employee Protection Act and state fair employment practices statutes such as the California Fair Employment and Housing Act. However, this does not preclude a party from bringing an action in equity to maintain the status quo or to prevent a party from suffering irreparable harm pending completion of arbitration. However, neither party shall have the right to seek a monetary recovery of any kind except through arbitration.

Updated 10/10/2014



# Arbitration Agreement

I agree that, in the event I have any employment related legal claims, I will submit them to final and binding neutral third-party arbitration, in accordance with the ACE Employment Dispute Arbitration Policy recited above, which is made a part of this agreement. I understand that this agreement means that I cannot bring any employment related claim in court and that I waive my right to a jury trial for such claims.

_STEVE BLUMFELDER_

Print Name

_Steve B. Blumfelder_                          _3-6-15_

Employee Signature                             Date

Updated 10/10/2014

**EXHIBIT 3**



# Employment Dispute Arbitration Rules and Procedures

*An employee [1] may obtain a copy of these ACE Companies ("ACE") [2] Employment Dispute Arbitration Rules and Procedures from a human resource representative at any time.*

**1. Starting the Arbitration Procedure**

A party who wants to start the Arbitration Procedure should submit a demand within the time periods required by applicable law. An employee's demand letter must be sent by certified mail to ACE Employee Relations, 436 Walnut Street WA 03K, Philadelphia PA 19106 along with (1) The ACE Employment Dispute Arbitration Request Form and (2) The ACE Employment Dispute Arbitration Fee Sharing Form. If ACE is demanding arbitration, it will send its demand letter and (1) The ACE Employment Dispute Arbitration Request Form and (2) The ACE Companies Employment Dispute Arbitration Fee Sharing Form by certified mail to the employee's last known home address.

ACE will pay all costs of arbitration in those instances in which it is the party demanding arbitration. In the event an employee demands arbitration, the employee must also send with the demand letter a check or money order for $200 made payable to the American Arbitration Association. The $200.00 sent by the employee will be used to pay a part of the administrative fees charged by the American Arbitration Association (AAA), the organization that will be providing arbitration services. The remaining fees charged by AAA will be paid by ACE. In the case of a court ordered arbitration, the demand for arbitration must be filed in accordance with these rules and procedures within thirty (30) calendar days from the date of entry of the court order or such other time period as determined by the court.

Within fifteen (15) calendar days after the employer receives the request for arbitration form, ACE will file the form with the office of the American Arbitration Association ("AAA") closest to where the facts occurred which gave rise to the dispute, together with the applicable administrative fee payable to the AAA.

ACE may file any counterclaim against the employee that would exist if the dispute were in court. The counterclaim shall set forth the nature of the claim, the amount in controversy, if any, and the remedy sought. The employee shall receive notice in writing of any counterclaim filed against him or her.

2. **Appointment of a Mediator**

In the event a party is willing to attempt to resolve the matter through non-binding mediation before going to arbitration, the party must submit a written request for mediation sent by certified mail as detailed in the ACE Employment Dispute Arbitration Policy. The party receiving the request must respond to the other within seven (7) calendar days after receipt. Unless an employee or ACE has refused mediation, immediately after the demand for mediation is filed with the AAA, a mediator will be appointed as follows:

a. Immediately after a party files the mediation demand, the AAA will send to the employee and ACE identical lists of at least three proposed mediators. The individuals on the lists, most likely lawyers, will be knowledgeable about employment disputes and laws.

b. Both the employee and ACE will have ten (10) calendar days from the date the AAA mails them the list to cross off any name(s) to which the party objects; number the remaining names in order of preference; and return the list to the AAA.

c. If a party does not return the list within the ten (10) calendar days, that party will be treated as having found all persons on the list to be equally acceptable.

d. The AAA shall appoint one mediator from the names remaining on the lists. If possible, the AAA will try to honor the preferences of both the employee and ACE.

If the employee and ACE do not agree on any of the listed names, or if an acceptable mediator is unwilling to act, the AAA will send to each party an additional list and the above procedure will be followed one more time. If the employee and ACE do not agree on a mediator from the second list, or if the mediator agreed upon cannot serve, the AAA will appoint a mediator from among other members of its panel of employment dispute mediators. The AAA will notify the employee and ACE in writing of the appointment of the mediator.

The AAA will notify the parties in writing at least fourteen (14) calendar days in advance of the mediation session of the date, time and place of the session. The mediation session should take place within thirty (30) calendar days after the mediator is appointed.

3. **Qualifications of the Mediator**

The mediator must be a neutral person. That is, no one may be a mediator in any matter in which that person has any financial or personal interest in the result. Before agreeing to mediate a dispute, the prospective mediator shall disclose to the AAA any circumstance likely to prevent a prompt mediation or to create a presumption of bias. Upon receipt of such information, the AAA will either follow the process described in paragraph 2 above or communicate the information to the employee and ACE for comment. Following comments, the AAA may disqualify the prospective mediator and follow the above process or appoint a new mediator.

4. **The Mediation Session**

At a scheduled mediation session, the mediator talks to each party, then works to help them reach an agreeable resolution. The mediator's goal is to give both parties reasons to move their views closer together. Through a process of give and take, the mediator tries to bring the parties to a common ground. The mediator cannot issue a settlement. Both parties must agree. If either party is unwilling to compromise, there is no reason to attempt mediation. If the dispute is not resolved in mediation, or either party chooses to skip that stage, arbitration is mandatory and the final step.

5. **Closure of Mediation**

Mediation will end as soon as: (a) the parties reach a mutually satisfactory resolution of the dispute or (b) one of the parties refuses to continue mediation or © the mediator decides that further mediation would not be productive.

6. **Appointment of an Arbitrator**

If either party refuses to attempt mediation, or if mediation does not resolve the dispute in a manner satisfactory to the employee and ACE and a party desires to proceed with arbitration, the party should, within thirty (30) calendar days of either the refusal to mediate or closure of mediation, submit a written demand to arbitrate in accordance with paragraph 1, if the party has not already done so. An arbitrator will be appointed as follows: (If employee has submitted a fee to proceed to mediation, no further fee is required if employee later chooses to submit a demand for arbitration.)

a. Immediately after a party files the demand for arbitration (when the parties do not agree to mediate) or, in the case of a failed mediation, immediately after the mediator notifies the AAA that the mediation has failed, the AAA will send to the employee and ACE an identical list of all arbitrators who are members of the regional Employment Dispute Resolution Roster of the AAA. The individuals on the lists will be knowledgeable about employment disputes and laws and probably will be lawyers. No one on the lists will have served as mediator in the same dispute, unless both the employee and ACE send a written request to the AAA that the mediator's name be included in the lists.

b. Both the employee and ACE will have no more than ten (10) calendar days from the date the AAA mails them the list to cross off any name(s) to which the party objects; number the remaining names in order of preference; and return the list to the AAA.

c. If a party does not return the list within the ten (10) calendar days, that party will be treated as having found all persons on the list to be equally acceptable.

d. The AAA shall appoint one arbitrator from the names remaining on the lists. If possible, the AAA will try to honor the preferences of both the employee and ACE.

e. If the employee and ACE do not agree on any of the listed names, or if an acceptable arbitrator is unwilling to act, the AAA will appoint an arbitrator from among other members of its Roster of employment dispute arbitrators. The AAA will notify the employee and ACE in writing of the appointment of the arbitrator.

## 7. Qualifications of the Arbitrator

The arbitrator must be a neutral person. That is, no one may be an arbitrator in any matter in which that person has any financial or personal interest in the result. Before agreeing to arbitrate a dispute, the prospective arbitrator shall disclose to the AAA any circumstance likely to prevent a prompt arbitration or to create a presumption of bias. Upon receipt of such information, the AAA will either appoint a different arbitrator or communicate the information to the employee and ACE for comment. Following comments, the AAA may disqualify the prospective arbitrator. If an arbitrator is disqualified or unable to serve for any reason, the procedure in paragraph 6 above shall be used to appoint a new arbitrator.

## 8. Power of the Arbitrator

Arbitration under these Rules and Procedures will be governed by the Federal Arbitration Act (Title 9 U.S.C. Sec. 1 et seq). The arbitrator will have all the powers a judge would have in dealing with any question or dispute that may arise before, during and after the arbitration hearing. The arbitrator's power is limited to rights, which would be protected in court. The arbitrator must apply statutory and case law to the facts of the dispute. The arbitrator will apply the burden of proof required by applicable federal, state or local law. However, the arbitrator will have no power to change ACE's policies and procedures (including the arbitration policy and procedures) or to change the law applicable to the facts of the dispute. The arbitrator must enforce, and not deviate in any way from, these rules and procedures.

Where these Rules do not address an issue, the Arbitrator should refer to the National Rules for the Resolution of Employment Disputes of the American Arbitration Association.

9. **Date, Time and Place of Hearing**

The AAA, in cooperation with the arbitrator and the parties, will set the date, time and place of a hearing (which should be within ninety (90) calendar days of the appointment of the arbitrator). At least sixty (60) calendar days before the date set for the hearing, the AAA will notify the parties in writing of the date, time and place of the hearing.

10. **Discovery (Fact Gathering)**

Not less than twenty (20) calendar days after receiving notice of the date set for the hearing, each party will submit to the other: (1) the names, work or home addresses and job titles of all witnesses the party then expects to have testify at the hearing, and if a witness is not an employee of an ACE company, sufficient identifying information must be supplied as well; and (2) a copy of all exhibits and/or documents that the party then expects to produce at the hearing.

Each party shall have the right to serve on another party ten interrogatories and ten requests for production of documents without approval of the arbitrator. The party served with the interrogatories or requests for production of documents shall respond within thirty days of receipt. Each party shall have the right to take depositions totaling two days of seven hours without approval of the arbitrator.

Whoever asks for a deposition must: (1) give the other party and the witness at least ten (10) calendar days advance notice so that they both may be present; and (2) arrange for a court reporter to attend and record the deposition; and (3) pay for the costs associated with the hiring of a court reporter, producing a deposition transcript for their own use and securing office space.

A party who is properly notified of the schedule for his/her deposition and who fails to appear will be liable to the other party for the reasonable costs incurred by the other party in setting up the deposition.

All discovery must be completed twenty (20) calendar days before the date set for the hearing. In addition, at the completion of discovery, each party must then, not less than twenty (20) calendar days before the date set for the hearing, submit to the other party the final list of witnesses and exhibits that the party expects to have testify and produce at the hearing. If any exhibit or document was not previously produced to the other party, a copy of it also must be provided.

The arbitrator shall have the authority to order such (other) discovery, by way of deposition, interrogatory, document production or otherwise, and set such time schedules and deadlines, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

All discovery disputes will be resolved in accordance with these rules and procedures and in the sole discretion of the arbitrator.

11. **Attendance at Hearing**

The employee and ACE are entitled to call witnesses to testify at the hearing and to cross-examine witnesses called by the other party. If either party attempts to call as a witness any person, including any employee of any ACE company, who (1) was not listed as a witness by either party and (2) certifies in writing to the arbitrator that he/she has no knowledge of the facts

surrounding the dispute, the other party may seek from the arbitrator an order preventing such attempt. Witnesses at depositions and hearings who are employees of an ACE company will be permitted to testify without loss of compensation or benefits for time away from work. ACE, however, retains the right to limit the number of employees who may be absent from work at one time. The arbitrator will have the power to exclude from the hearing any witness other than a party or other essential person during the testimony of any other witness. The arbitrator will determine whether any other person(s) may attend the hearing. The arbitrator will not have the power to exclude a representative of a government agency from attending the hearing provided one of the parties has given at least five (5) days advance written notice to the arbitrator and the other party of their desire and intention to have the representative present. The arbitrator will maintain the privacy of the hearings and any decision unless he/she decides that it would be appropriate in the circumstances to make the decision public or is required by law to do so.

## 12. **Postponement**

The arbitrator, for good cause shown, may postpone any hearing or deadline upon the request of a party or upon the arbitrator's own initiative and will also grant a postponement if both the employee and ACE agree. However, at all times the arbitrator must consider that one of the purposes of this process is to resolve disputes quickly.

## 13. **Oaths**

Before starting the hearing, the arbitrator will take an oath of office. The arbitrator will require witnesses to testify under oath.

## 14. **Stenographic Records**

There shall be a stenographic record of the proceedings only if the employee or ACE requests it. The party requesting a stenographic record must pay the court reporter's fees for producing the record. If the other party wants a copy of the stenographic record, then the total cost shall be shared equally by both parties. If the employee or ACE wants to record the proceedings by audio tape, that party must notify the other party and ask permission from the arbitrator at least seven (7) calendar days in advance of the hearing. The arbitrator will have the power to grant or deny the request and to tape the proceedings for his/her own use.

## 15. **Proceedings**

Normally, the hearing will be completed within one day. In unusual circumstances and for good cause shown, the arbitrator may schedule as much additional hearing time as the arbitrator in his/her sole discretion thinks is needed, and this extra time will be scheduled as soon as practicable. The hearings will be conducted by the arbitrator in whatever manner will most easily and quickly permit full presentation of the evidence and arguments of both parties.

If the arbitrator decides that there is no genuine issue of material fact, then the arbitrator may render a decision stating in writing his/her findings of fact and conclusions of law without a hearing.

In determining whether to grant summary judgment, the arbitrator will apply the law in the same manner as a Federal court would in the same jurisdiction.

The arbitrator's decision will be subject to judicial review in accordance with the Federal Arbitration Act.

16. **Arbitration in the Absence of a Party**

The arbitration may proceed in the absence of any party or representative who, after receiving proper advance notice of the hearing, does not get a postponement from the arbitrator and does not appear at the hearing. The arbitrator will not make a decision against a party just because the party does not appear at the hearing. The arbitrator will require the party that does appear to submit as much evidence as the arbitrator requires to make a decision.

17. **Evidence**

The arbitrator shall be the sole judge of the relevance and materiality of any evidence offered. It is not necessary for the arbitrator to strictly follow legal rules of evidence.

18. **Evidence by Affidavit and Filing of Documents**

The arbitrator may accept evidence in the form of a notarized affidavit of a witness; will consider any objections to the affidavit by the other party; and will then give the affidavit the weight the arbitrator determines it merits. All documents to be considered by the arbitrator must be presented at the hearing. The arbitrator will not receive or consider an exhibit or document that was not already supplied to the other party under paragraph ten (10). However, the arbitrator should consider the testimony of a witness who testifies his/her recollection has been refreshed by a document even though the document was not produced under paragraph ten (10). Either party may request that the arbitrator consider post-hearing briefs (a written summary of the issues, evidence and arguments). The arbitrator will decide how much time each party may have to submit briefs, and set limits to the length of the briefs, but the arbitrator will be guided by the desire that the dispute be resolved quickly. Post-hearing briefs will be submitted to the arbitrator through the AAA.

19. **Closing of Hearing**

When the arbitrator is satisfied that the record is complete, he/she in his/her sole discretion will close the hearing.

20. **Reopening of Hearing**

At any time before the decision is issued, the arbitrator in his/her sole discretion may reopen the hearing either on the arbitrator's initiative or upon the request of a party.

21. **Waiver of Procedures**

Any party who knows or suspects that any provision or requirement of these procedures has not been complied with and who does not object in writing, but instead proceeds with the arbitration shall be treated as having waived the right to object.

22. **Time of Award**

The arbitrator will decide the dispute promptly unless otherwise agreed by the parties or specified by law. The arbitrator will issue a decision within thirty (30) calendar days of the close of the hearing, or as soon as possible thereafter if both parties agree.

23. **Decision**

*Form* - The arbitrator's decision will be in writing and signed by the arbitrator. In addition, the arbitrator will issue a written opinion giving the reasons for the decision. The decision will be implemented in the manner required by law.

*Scope of Relief* - The arbitrator will have full power and authority to award any remedy that either party would have been entitled to under equity or law. The arbitrator will apply the rules of law of the United States of America and the state and locality in which the employee worked to the extent applicable to the dispute. In any award of back pay, the arbitrator must deduct lawful set-offs, as required by law. The arbitrator may deduct for failure of a party to mitigate damages.


24. **Delivery of Decision to Parties**

The AAA will notify the employee and ACE of the arbitrator's decision by mailing and/or faxing it to the parties (or their representative) at their last known address.


25. **Enforcement**

The arbitrator's decision may be enforced or vacated under the terms of the Federal Arbitration Act (Title 9 U.S.C. Sec. 1 et seq.). Judicial Proceedings and Exclusion of Liability

Neither the AAA nor any arbitrator in a proceeding under these Rules and Procedures may be sued or made a party in any judicial proceedings related to the arbitration. Participation in arbitration proceedings under these Rules and Procedures shall be deemed to be consent and agreement not to sue the AAA or the arbitrator.

If any federal or state court with jurisdiction over the parties and the disputes holds that any part of this arbitration policy is invalid, unlawful or otherwise unenforceable, the remaining parts shall not be affected thereby, and the parties shall arbitrate their dispute without reference to or reliance upon the invalid, unlawful or unenforceable part of this arbitration policy.

Parties to these Rules and Procedures shall be deemed to have consented to the entry of a judgment upon the arbitration decision in any federal or state court with jurisdiction over the parties and the dispute.


26. **Fees, Expenses and Costs**

Unless the employee chooses in his/her demand for arbitration to share equally in such expenses, ACE will pay 100% of any mediation/arbitration administrative fees required by the AAA in excess of the two hundred dollars ($200.00) paid by the employee. Except for the salary of witnesses who are active employees of an ACE Company (which will be paid by the ACE Company), the party who calls a witness to testify at the hearing shall be responsible for all witness fees and expenses as provided by law. Unless the arbitrator decides otherwise, and subject to any remedies to which a party may be entitled under the law, each party shall pay its own legal fees and expenses. The payment of expenses for discovery and stenographic records is covered by paragraphs 10 and 14. All other fees, expenses and costs of the arbitration, such as the arbitrator's travel and other expenses, costs for any witness produced at the direction of the arbitrator, and the expenses of a representative of AAA, if any, shall be paid completely by ACE (unless the employee chooses in his/her demand for arbitration to share in such expenses). Postponement of hearing fees, if any, will be paid by the party that requested the postponement. The arbitrator's fees will be paid through the AAA.

27. **Serving of Notice**

Service of any notice, form, process, complaint, award, judgment, subpoena, or any other document required or associated with these procedures may be served on a party by (a) certified mail, return receipt requested, addressed to the party or its authorized representative at the last known address, or (b) personal service acknowledged in writing by the party or authorized representative served. A reasonable opportunity to be heard shall be granted to a party claiming insufficient notice or service.

28. **Amendment or Termination of Arbitration Process**

The arbitration process may be changed in writing by ACE. No change will affect a party who has already started the arbitration process at the time the change is made.

29. **Interpretation and Application of Process**

The arbitrator shall interpret and apply these Rules and Procedures consistent with applicable law.

The terms of these rules and Procedures are severable.  The invalidity or unenforceability of any provision herein shall not affect the application of any other provision.  Where possible, consistent with the purpose of the Rules and Procedures, a court of competent jurisdiction may reform any otherwise invalid provision of these Rules and Procedures and enforce such provision as reformed.

1 Throughout these Rules and Procedures, "employee" includes current and former ACE employee(s) and applicants for employment.

2 ACE refers to ACE US Holdings, Inc., its subsidiaries and affiliates, and ACE INA Holdings, Inc., its subsidiaries and affiliates.

**EXHIBIT 4**



# Employment Dispute Arbitration Rules and Procedures

*An employee ₁ may obtain a copy of these Chubb Companies ("Chubb") ₂ Employment Dispute Arbitration Rules and Procedures from a human resource representative at any time.*

## 1. Starting the Arbitration Procedure

A party who wants to start the Arbitration Procedure should submit a demand within the time periods required by applicable law. An employee's demand letter must be emailed to EmployeeRelations@Chubb.com AND sent by certified mail to Chubb Employee Relations, 202 Hall's Mill Road, Whitehouse Station, NJ 08889 along with The Chubb Employment Dispute Arbitration Request and Fee Sharing Form. If Chubb is demanding arbitration, it will send its demand letter and The Chubb Employment Dispute Arbitration Request Form and Fee Sharing Form by certified mail to the employee's last known home address.

Chubb will pay all costs of arbitration in those instances in which it is the party demanding arbitration. In the event an employee demands arbitration, the employee must also send with the demand letter a check or money order for $200 made payable "American Arbitration Association". The $200.00 sent by the employee will be used to pay a part of the administrative fees charged by the American Arbitration Association (AAA), the organization that will be providing arbitration services. The remaining fees charged by AAA will be paid by Chubb. In the case of a court ordered arbitration, the demand for arbitration must be filed in accordance with these rules and procedures within thirty (30) calendar days from the date of entry of the court order or such other time period as determined by the court.

Within fifteen (15) calendar days after the employer receives the request for arbitration form, Chubb will file the form with the office of the American Arbitration Association ("AAA") closest to where the facts occurred which gave rise to the dispute, together with the applicable administrative fee payable to the AAA.

Chubb may file any counterclaim against the employee that would exist if the dispute were in court. The counterclaim shall set forth the nature of the claim, the amount in controversy, if any, and the remedy sought. The employee shall receive notice in writing of any counterclaim filed against him or her.

## 2. Appointment of a Mediator

In the event a party is willing to attempt to resolve the matter through non-binding mediation before going to arbitration, the party must submit a written request for mediation sent by certified mail as detailed in the Chubb Employment Dispute Arbitration Policy. The party receiving the request must respond to the other within seven (7) calendar days after receipt. Unless an employee or Chubb has refused mediation, immediately after the demand for mediation is filed with the AAA, a mediator will be appointed as follows:

a. Immediately after a party files the mediation demand, the AAA will send to the employee and Chubb identical lists of at least three proposed mediators. The individuals on the lists, most likely lawyers, will be knowledgeable about employment disputes and laws.

b. Both the employee and Chubb will have ten (10) calendar days from the date the AAA mails them the list to cross off any name(s) to which the party objects; number the remaining names in order of preference; and return the list to the AAA.

c. If a party does not return the list within the ten (10) calendar days, that party will be treated as having found all persons on the list to be equally acceptable.

d. The AAA shall appoint one mediator from the names remaining on the lists. If possible, the AAA will try to honor the preferences of both the employee and Chubb.

If the employee and Chubb do not agree on any of the listed names, or if an acceptable mediator is unwilling to act, the AAA will send to each party an additional list and the above procedure will be followed one more time. If the employee and Chubb do not agree on a mediator from the second list, or if the mediator agreed upon cannot serve, the AAA will appoint a mediator from among other members of its panel of employment dispute mediators. The AAA will notify the employee and Chubb in writing of the appointment of the mediator.

The AAA will notify the parties in writing at least fourteen (14) calendar days in advance of the mediation session of the date, time and place of the session. The mediation session should take place within thirty (30) calendar days after the mediator is appointed.

### 3. **Qualifications of the Mediator**

The mediator must be a neutral person. That is, no one may be a mediator in any matter in which that person has any financial or personal interest in the result. Before agreeing to mediate a dispute, the prospective mediator shall disclose to the AAA any circumstance likely to prevent a prompt mediation or to create a presumption of bias. Upon receipt of such information, the AAA will either follow the process described in paragraph 2 above or communicate the information to the employee and Chubb for comment. Following comments, the AAA may disqualify the prospective mediator and follow the above process or appoint a new mediator.

### 4. **The Mediation Session**

At a scheduled mediation session, the mediator talks to each party, then works to help them reach an agreeable resolution. The mediator's goal is to give both parties reasons to move their views closer together. Through a process of give and take, the mediator tries to bring the parties to a common ground. The mediator cannot issue a settlement. Both parties must agree. If either party is unwilling to compromise, there is no reason to attempt mediation. If the dispute is not resolved in mediation, or either party chooses to skip that stage, arbitration is mandatory and the final step.

### 5. **Closure of Mediation**

Mediation will end as soon as: (a) the parties reach a mutually satisfactory resolution of the

dispute or (b) one of the parties refuses to continue mediation or (c) the mediator decides that further mediation would not be productive.

## 6. **Appointment of an Arbitrator**

If either party refuses to attempt mediation, or if mediation does not resolve the dispute in a manner satisfactory to the employee and Chubb and a party desires to proceed with arbitration, the party should, within thirty (30) calendar days of either the refusal to mediate or closure of mediation, submit a written demand to arbitrate in accordance with paragraph 1, if the party has not already done so. An arbitrator will be appointed as follows: (If employee has submitted a fee to proceed to mediation, no further fee is required if employee later chooses to submit a demand
for arbitration.)

a. Immediately after a party files the demand for arbitration (when the parties do not agree to mediate) or, in the case of a failed mediation, immediately after the mediator notifies the AAA that the mediation has failed, the AAA will send to the employee and Chubb an identical list of all arbitrators who are members of the regional Employment Dispute Resolution Roster of the AAA. The individuals on the lists will be knowledgeable about employment disputes and laws and probably will be lawyers. No one on the lists will have served as mediator in the same dispute, unless both the employee and Chubb send a written request to the AAA that the mediator's name be included in the lists.

b. Both the employee and Chubb will have no more than ten (10) calendar days from the date the AAA mails them the list to cross off any name(s) to which the party objects; number the remaining names in order of preference; and return the list to the AAA.

c. If a party does not return the list within the ten (10) calendar days, that party will be treated as having found all persons on the list to be equally acceptable.

d. The AAA shall appoint one arbitrator from the names remaining on the lists. If possible, the AAA will try to honor the preferences of both the employee and Chubb.

e. If the employee and Chubb do not agree on any of the listed names, or if an acceptable arbitrator is unwilling to act, the AAA will appoint an arbitrator from among other members of its Roster of employment dispute arbitrators. The AAA will notify the employee and Chubb in writing of the appointment of the arbitrator.

## 7. **Qualifications of the Arbitrator**

The arbitrator must be a neutral person. That is, no one may be an arbitrator in any matter in which that person has any financial or personal interest in the result. Before agreeing to arbitrate a dispute, the prospective arbitrator shall disclose to the AAA any circumstance likely to prevent a prompt arbitration or to create a presumption of bias. Upon receipt of such information, the AAA will either appoint a different arbitrator or communicate the information to the employee and Chubb for comment. Following comments, the AAA may disqualify the prospective arbitrator. If an arbitrator is disqualified or unable to serve for any reason, the procedure in paragraph 6 above shall be used to appoint a new arbitrator.

8. **Power of the Arbitrator**

Arbitration under these Rules and Procedures will be governed by the Federal Arbitration Act (Title 9 U.S.C. Sec. 1 et seq). The arbitrator will have all the powers a judge would have in dealing with any question or dispute that may arise before, during and after the arbitration hearing. The arbitrator's power is limited to rights, which would be protected in court. The arbitrator must apply statutory and case law to the facts of the dispute. The arbitrator will apply the burden of proof required by applicable federal, state or local law. However, the arbitrator will have no power to change Chubb's policies and procedures (including the arbitration policy and procedures) or to change the law applicable to the facts of the dispute. The arbitrator must enforce, and not deviate in any way from, these rules and procedures. Where these Rules do not address an issue, the Arbitrator should refer to the National Rules for the Resolution of Employment Disputes of the American Arbitration Association.

9. **Date, Time and Place of Hearing**

The AAA, in cooperation with the arbitrator and the parties, will set the date, time and place of a hearing (which should be within ninety (90) calendar days of the appointment of the arbitrator). At least sixty (60) calendar days before the date set for the hearing, the AAA will notify the parties in writing of the date, time and place of the hearing.

10. **Discovery (Fact Gathering)**

Not less than twenty (20) calendar days after receiving notice of the date set for the hearing, each party will submit to the other: (1) the names, work or home addresses and job titles of all witnesses the party then expects to have testify at the hearing, and if a witness is not an employee of a Chubb company, sufficient identifying information must be supplied as well; and (2) a copy of all exhibits and/or documents that the party then expects to produce at the hearing.

Each party shall have the right to serve on another party ten interrogatories and ten requests for production of documents without approval of the arbitrator. The party served with the interrogatories or requests for production of documents shall respond within thirty days of receipt. Each party shall have the right to take depositions totaling two days of seven hours without approval of the arbitrator.

Whoever asks for a deposition must: (1) give the other party and the witness at least ten (10) calendar days advance notice so that they both may be present; and (2) arrange for a court reporter to attend and record the deposition; and (3) pay for the costs associated with the hiring of a court reporter, producing a deposition transcript for their own use and securing office space.

A party who is properly notified of the schedule for his/her deposition and who fails to appear will be liable to the other party for the reasonable costs incurred by the other party in setting up the deposition.

All discovery must be completed twenty (20) calendar days before the date set for the hearing. In addition, at the completion of discovery, each party must then, not less than twenty (20) calendar days before the date set for the hearing, submit to the other party the final list of witnesses and exhibits that the party expects to have testify and produce at the

hearing. If any exhibit or document was not previously produced to the other party, a copy of it also must be provided.

The arbitrator shall have the authority to order such (other) discovery, by way of deposition, interrogatory, document production or otherwise, and set such time schedules and deadlines, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

All discovery disputes will be resolved in accordance with these rules and procedures and in the sole discretion of the arbitrator.

## 11. **Attendance at Hearing**

The employee and Chubb are entitled to call witnesses to testify at the hearing and to cross examine witnesses called by the other party. If either party attempts to call as a witness any person, including any employee of any Chubb company, who (1) was not listed as a witness by either party and (2) certifies in writing to the arbitrator that he/she has no knowledge of the facts surrounding the dispute, the other party may seek from the arbitrator an order preventing such attempt. Witnesses at depositions and hearings who are employees of an Chubb company will be permitted to testify without loss of compensation or benefits for time away from work. Chubb, however, retains the right to limit the number of employees who may be absent from work at one time. The arbitrator will have the power to exclude from the hearing any witness other than a party or other essential person during the testimony of any other witness. The arbitrator will determine whether any other person(s) may attend the hearing. The arbitrator will not have the power to exclude a representative of a government agency from attending the hearing provided one of the parties has given at least five (5) days advance written notice to the arbitrator and the other party of their desire and intention to have the representative present. The arbitrator will maintain the privacy of the hearings and any decision unless he/she decides that it would be appropriate in the circumstances to make the decision public or is required by law to do so.

## 12. **Postponement**

The arbitrator, for good cause shown, may postpone any hearing or deadline upon the request of a party or upon the arbitrator's own initiative and will also grant a postponement if both the employee and Chubb agree. However, at all times the arbitrator must consider that one of the purposes of this process is to resolve disputes quickly.

## 13. **Oaths**

Before starting the hearing, the arbitrator will take an oath of office. The arbitrator will require witnesses to testify under oath.

## 14. **Stenographic Records**

There shall be a stenographic record of the proceedings only if the employee or Chubb requests it. The party requesting a stenographic record must pay the court reporter's fees for producing the record. If the other party wants a copy of the stenographic record, then the total cost shall be shared equally by both parties. If the employee or Chubb wants to record the proceedings by audio tape, that party must notify the other party and ask permission from the arbitrator at least seven (7) calendar days in advance of the hearing. The arbitrator

will have the power to grant or deny the request and to tape the proceedings for his/her own use.

### 15. Proceedings

Normally, the hearing will be completed within one day. In unusual circumstances and for good cause shown, the arbitrator may schedule as much additional hearing time as the arbitrator in his/her sole discretion thinks is needed, and this extra time will be scheduled as soon as practicable. The hearings will be conducted by the arbitrator in whatever manner will most easily and quickly permit full presentation of the evidence and arguments of both parties.

If the arbitrator decides that there is no genuine issue of material fact, then the arbitrator may render a decision stating in writing his/her findings of fact and conclusions of law without a hearing.

In determining whether to grant summary judgment, the arbitrator will apply the law in the same manner as a Federal court would in the same jurisdiction.

The arbitrator's decision will be subject to judicial review in accordance with the Federal Arbitration Act.

### 16. Arbitration in the Absence of a Party

The arbitration may proceed in the absence of any party or representative who, after receiving proper advance notice of the hearing, does not get a postponement from the arbitrator and does not appear at the hearing. The arbitrator will not make a decision against a party just because the party does not appear at the hearing. The arbitrator will require the party that does appear to submit as much evidence as the arbitrator requires to make a decision.

### 17. Evidence

The arbitrator shall be the sole judge of the relevance and materiality of any evidence offered. It is not necessary for the arbitrator to strictly follow legal rules of evidence.

### 18. Evidence by Affidavit and Filing of Documents

The arbitrator may accept evidence in the form of a notarized affidavit of a witness; will consider any objections to the affidavit by the other party; and will then give the affidavit the weight the arbitrator determines it merits. All documents to be considered by the arbitrator must be presented at the hearing. The arbitrator will not receive or consider an exhibit or document that was not already supplied to the other party under paragraph ten (10). However, the arbitrator should consider the testimony of a witness who testifies his/her recollection has been refreshed by a document even though the document was not produced under paragraph ten (10). Either party may request that the arbitrator consider post-hearing briefs (a written summary of the issues, evidence and arguments). The arbitrator will decide how much time each party may have to submit briefs, and set limits to the length of the briefs, but the arbitrator will be guided by the desire that the dispute be resolved quickly. Post-hearing briefs will be submitted to the arbitrator through the AAA.

19. **Closing of Hearing**

When the arbitrator is satisfied that the record is complete, he/she in his/her sole discretion will close the hearing.

20. **Reopening of Hearing**

At any time before the decision is issued, the arbitrator in his/her sole discretion may reopen the hearing either on the arbitrator's initiative or upon the request of a party.

21. **Waiver of Procedures**

Any party who knows or suspects that any provision or requirement of these procedures has not been complied with and who does not object in writing, but instead proceeds with the arbitration shall be treated as having waived the right to object.

22. **Time of Award**

The arbitrator will decide the dispute promptly unless otherwise agreed by the parties or specified by law. The arbitrator will issue a decision within thirty (30) calendar days of the close of the hearing, or as soon as possible thereafter if both parties agree.

23. **Decision**

*Form* - The arbitrator's decision will be in writing and signed by the arbitrator. In addition, the arbitrator will issue a written opinion giving the reasons for the decision. The decision will be implemented in the manner required by law.

*Scope of Relief* - The arbitrator will have full power and authority to award any remedy that either party would have been entitled to under equity or law. The arbitrator will apply the rules of law of the United States of America and the state and locality in which the employee worked to the extent applicable to the dispute. In any award of back pay, the arbitrator must deduct lawful setoffs, as required by law. The arbitrator may deduct for failure of a party to mitigate damages.

24. **Delivery of Decision to Parties**

The AAA will notify the employee and Chubb of the arbitrator's decision by mailing and/or faxing it to the parties (or their representative) at their last known address.

25. **Enforcement**

The arbitrator's decision may be enforced or vacated under the terms of the Federal Arbitration Act (Title 9 U.S.C. Sec. 1 et seq.). Judicial Proceedings and Exclusion of Liability

Neither the AAA nor any arbitrator in a proceeding under these Rules and Procedures may be sued or made a party in any judicial proceedings related to the arbitration. Participation in arbitration proceedings under these Rules and Procedures shall be deemed to be consent and agreement not to sue the AAA or the arbitrator.

If any federal or state court with jurisdiction over the parties and the disputes holds that any part of this arbitration policy is invalid, unlawful or otherwise unenforceable, the remaining parts shall not be affected thereby, and the parties shall arbitrate their dispute without reference to or reliance upon the invalid, unlawful or unenforceable part of this arbitration policy.

Parties to these Rules and Procedures shall be deemed to have consented to the entry of a judgment upon the arbitration decision in any federal or state court with jurisdiction over the parties and the dispute.

## 26. **Fees, Expenses and Costs**

Unless the employee chooses in his/her demand for arbitration to share equally in such expenses, Chubb will pay 100% of any mediation/arbitration administrative fees required by the AAA in excess of the two hundred dollars ($200.00) paid by the employee. Except for the salary of witnesses who are active employees of an Chubb Company (which will be paid by the Chubb Company), the party who calls a witness to testify at the hearing shall be responsible for all witness fees and expenses as provided by law. Unless the arbitrator decides otherwise, and subject to any remedies to which a party may be entitled under the law, each party shall pay its own legal fees and expenses. The payment of expenses for discovery and stenographic records is covered by paragraphs 10 and 14. All other fees, expenses and costs of the arbitration, such as the arbitrator's travel and other expenses, costs for any witness produced at the direction of the arbitrator, and the expenses of a representative of AAA, if any, shall be paid completely by Chubb (unless the employee chooses in his/her demand for arbitration to share in such expenses). Postponement of hearing fees, if any, will be paid by the party that requested the postponement.
The arbitrator's fees will be paid through the AAA.

## 27. **Serving of Notice**

Service of any notice, form, process, complaint, award, judgment, subpoena, or any other document required or associated with these procedures may be served on a party by (a) certified mail, return receipt requested, addressed to the party or its authorized representative at the last known address, or (b) personal service acknowledged in writing by the party or authorized representative served. A reasonable opportunity to be heard shall be granted to a party claiming insufficient notice or service.

## 28. **Amendment or Termination of Arbitration Process**

The arbitration process may be changed in writing by Chubb. No change will affect a party who has already started the arbitration process at the time the change is made.

## 29. **Interpretation and Application of Process**

The arbitrator shall interpret and apply these Rules and Procedures consistent with applicable law. The terms of these rules and Procedures are severable. The invalidity or unenforceability of any provision herein shall not affect the application of any other provision. Where possible, consistent with the purpose of the Rules and Procedures, a court of competent jurisdiction may reform any otherwise invalid provision of these Rules and Procedures and enforce such provision as reformed.

1 Throughout these Rules and Procedures, "employee" includes prospective, current and former employees of Chubb and their subsidiaries and affiliates, and applicants for employment.

2 As used herein, "Chubb" means ACE US Holdings, Inc., its subsidiaries and affiliates, and ACE INA Holdings, Inc., its subsidiaries and affiliates, ACE Insurance Company, and ACE Financial Services Inc, and its subsidiaries, and ACE Life Insurance Company and its subsidiaries.