# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVE BLUMFELDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-999 RLW |
| ) | |
| CHUBB INSURANCE SOLUTIONS ) | |
| AGENCY, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Steve Blumfelder's Motion for Extension of Time to File a Response to Defendant's Motion to Compel Arbitration. (ECF No. 16). Defendant opposes the motion. (ECF No. 19). For the reasons below, the Court will deny the motion.

Plaintiff initially filed this action in the Circuit Court of St. Louis County on August 24, 2022. (ECF No. 5). In his Petition, Plaintiff asserts that Defendant—Plaintiff's previous employer—discriminated against him based on his age and medical condition. Specifically, Plaintiff contends that Defendant violated the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010-213.137; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. *Id.* Defendant removed the action to this Court on September 23, 2022. (ECF No. 1). Defendant then moved to compel arbitration on September 30, 2022. (ECF No. 12). Plaintiff failed to timely oppose Defendant's motion.

Plaintiff now seeks an extension of time to respond to Defendant's Motion to Compel Arbitration. (ECF No. 16). There is no dispute that Plaintiff moved for an extension of time only after the original time had expired. Thus, Rule 6(b)(1)(B) applies, which states: "When an act may

or must be done within a specific time, the court may, for good cause, extend the time" on a party's motion "after the time has expired if the party failed to act because of excusable neglect." *See Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 854 (8th Cir. 2021). Thus, the Court must consider whether good cause exists *and* whether Plaintiff failed to act because of excusable neglect.

Even assuming good cause exists, Plaintiff has failed to establish excusable neglect. Whether a party's neglect is excusable is an equitable inquiry. *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Relevant considerations include the danger of prejudice to the opposing party, the length of the delay, the reason for the delay, and whether the movant acted in good faith." *Id.* at 854-55. Plaintiff does not address these factors in his motion. (ECF No. 16). Plaintiff merely asserts that he has "good cause to request this extension" because he needed to obtain additional facts before responding to Defendant's Motion to Compel Arbitration. *Id.* at 2. Even if that were enough to establish good cause—which is doubtful considering it fails to explain why Plaintiff was unable to at least request an extension before the time expired—it certainly does not establish excusable neglect. Thus, the Court will deny Plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Steve Blumfelder's Motion for Extension of Time to File a Response to Defendant's Motion to Compel Arbitration (ECF No. 16) is **DENIED**.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of November, 2022.