# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVE BLUMFELDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-999 RLW |
| ) | |
| CHUBB INSURANCE SOLUTIONS ) | |
| AGENCY, INC. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This removed matter is before the Court on Defendant ACE American Insurance Company's ("ACE") Motion to Compel Arbitration.[1] (ECF No. 12). For the reasons below, the Court will grant Defendant's motion.[2]

## Background

Plaintiff initially filed this employment discrimination action in the Circuit Court of St. Louis County on August 24, 2022. (ECF No. 5). Plaintiff asserts that Defendant—Plaintiff's previous employer—discriminated against him based on his age and medical condition. *Id.* Specifically, Plaintiff contends that Defendant violated the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010-213.137; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

---

[1] In its Motion to Compel, Defendant states that Plaintiff improperly identified Defendant as CHUBB Insurance Solutions Agency, Inc. (ECF No. 12 at 1). Defendant refers to itself as ACE American Insurance Company. *Id.* If Defendant wishes to amend the caption of the case, it may file a motion to do so. If Plaintiff wishes to amend the caption, it may file a motion to amend by interlineation.

[2] Plaintiff filed a memorandum in opposition out of time and without leave of the Court. (ECF No. 14). The Court struck Plaintiff's memorandum and later denied Plaintiff's Motion for Extension of Time. (ECF Nos. 16, 20).

§§ 621-634. *Id.* Defendant removed the action to this Court on September 23, 2022. (ECF No. 1). A week later, Defendant moved to compel arbitration. (ECF No. 12).

**Discussion**

The record shows that Plaintiff signed an arbitration agreement when he began his employment with ACE. (ECF No. 13-1 at 14). The Arbitration Agreement at issue states:

> I agree that, in the event I have any employment related legal claims, I will submit them to final and binding neutral third-party arbitration, in accordance with the ACE Employment Dispute Arbitration Policy recited above, which is made a part of this agreement. I understand that this agreement means that I cannot bring any employment related claim in court and that I waive my right to a jury trial for such claims.

(ECF No. 13-1 at 14). The Employment Dispute Arbitration Policy ("Policy") purports to cover "all employment-related disagreements and problems that concern a right, privilege or interest recognized by applicable law" including "claims, demands, disputes, controversies or actions" arising under the ADA, the ADEA, and "other federal, state or local statute" regarding employment discrimination." *Id.* at 12.

**I.  Delegation Clause**

As a threshold matter, Defendant asserts that this Court need not consider whether the Arbitration Agreement is valid or enforceable before compelling arbitration. (ECF No. 13 at 7). Defendant points to language in the Policy that provides: "The Rules and Procedures are based on and generally follow the American Arbitration Association (AAA) Employment Arbitration Rules and Mediation Procedures." (ECF No. 13-1 at 13). Defendant further contends that the Policy incorporates the ACE Employment Dispute Arbitration Rules and Procedures ("ACE Rules and Procedures"), which state: "Where these Rules do not address an issue, the Arbitrator should refer to the National Rules for the Resolution of Employment Disputes of the American Arbitration

2

Association."  (ECF Nos. 13 at 8; 13-1 at 12, 18). The AAA Employment Arbitration Rules and Mediation Procedures ("AAA Rules") provide: "The Arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." (ECF No. 13-2 at 12).

Under Missouri law, "[p]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' including whether the parties have agreed to arbitrate a given controversy." *Theroff v. Dollar Tree Stores, Inc.*, 591 S.W.3d 432, 439 (Mo. banc 2020) (citing *State ex rel. Newberry v. Jackson*, 575 S.W.3d 471, 474 (Mo. banc 2019)). An explicit reference in an arbitration agreement to the AAA Rules is generally enough to incorporate by reference the delegation provision of the AAA Rules. *State ex rel. Pinkerton v. Fahnestock*, 531 S.W.3d 36, 45 (Mo. banc 2017), abrogated on other grounds by *Theroff v. Dollar Tree Stores, Inc.*, 591 S.W.3d 432 (Mo. 2020).

Here, Plaintiff does not challenge the existence or validity of the Arbitration Agreement itself or its alleged incorporation of a delegation provision. Because Plaintiff does not challenge the delegation provision itself, it is treated as valid and enforceable. *Arment*, 2018 WL 5921369, at *2 (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010)).

**II. Validity, Enforceability, and Applicability**

Even if the Arbitration Agreement did not contain a valid delegation provision, the remaining portions of the Agreement are nonetheless valid and enforceable.

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quotation omitted). "The [Federal Arbitration Act] limits a district court's initial role in any challenge to an arbitration agreement to ... 1) whether the agreement for arbitration was validly made and 2) whether the arbitration agreement applies to the dispute at

hand, i.e., whether the dispute falls within the scope of the arbitration agreement." *Indus. Wire Prod., Inc. v. Costco Wholesale Corp.*, 576 F.3d 516, 520 (8th Cir. 2009).

Courts must liberally construe a valid arbitration clause and resolve any doubts in favor of arbitration unless "the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Unison Co. v. Juhl Energy Dev., Inc.*, 789 F.3d 816, 818 (8th Cir. 2015) (quoting *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1199 (8th Cir.2008)) (internal quotation marks omitted). To make that determination, the Court must decide whether the arbitration clause is broad or narrow. *Id.* (citing *Fleet Tire Serv. of N. Little Rock v. Oliver Rubber Co.*, 118 F.3d 619, 621 (8th Cir.1997)). If the clause is broad, the Court must send the claim to arbitration if underlying factual allegations touch matters covered by the arbitration clause. *Id.* (citing *3M Co.*, 542 F.3d at 1199).

"When deciding whether the parties agreed to arbitrate a certain matter . . . courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Under Missouri law, the "essential elements of a valid contract include offer, acceptance and bargained for consideration." *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. banc 1988). The Court is persuaded by the reasons offered in Defendant's Memorandum in Support that the essential elements of a valid contract are satisfied here.

As to applicability, the Agreement expressly applies to "employment-related claims" and claims arising "under" various anti-discrimination statutes. (ECF No. 13-1 at 12, 14). The Eighth Circuit has considered agreements containing similar language and concluded that those agreements were broad in scope. *See Fleet Tire*, 118 F.3d at 621 (finding the arbitration clause at issue was broad, because arbitration was available for claims both "arising from" and "relating to"

4

the agreement); *3M Co.*, 542 F.3d at 1199 (finding the arbitration clause at issue was broad where it applied to "the existence, cause, or value of any change to the scope of services Amtex was to provide."). The Court finds that the Arbitration Agreement at issue here is similarly broad.

Having done so, the Court must now determine whether the underlying factual allegations touch on matters covered by the clause. *Unison Co.*, 789 F.3d at 819 (citation omitted). Here, all of Plaintiff's claims relate to employment discrimination. (ECF No. 5). As explained above, the Arbitration Agreement expressly applies to "employment-related claims" and claims arising "under" various anti-discrimination statutes. (ECF No. 13-1 at 12-14). There is little doubt that the underlying factual allegations here touch on matters covered by the arbitration clause.

"When the parties have agreed on an arbitration clause that appears to cover their dispute, it should be upheld." *Unison Co.*, 789 F.3d at 821 (cleaned up). Seeing no evidence to the contrary, the Court finds that the Arbitration Agreement is a valid and applies to the controversy at hand.

## Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Compel Arbitration. (ECF No. 12).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant ACE American Insurance Company's Motion to Compel Arbitration (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED**.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of December, 2022.

5